

ENTERED
01/15/2020

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| ANTONIO R. LACSAMANA; aka | § | CASE NO: 14-36839 |
| ANTONIO RICARDO LACSAMANA, *et al* | § | |
|    Debtor(s) | § | |
| | § | CHAPTER 13 |

## ORDER ON MOTION FOR RECONSIDERATION

     US Bank Trust National Association seeks reconsideration of the Court's order denying approval of the Notice of Mortgage Payment Change filed by US Bank on July 11, 2019.  The motion that precipitated the denial was filed by the Debtors on October 30, 2019.  In general, the motion alleges that the Notice of Mortgage Change was filled with errors.  Most noticeably, the Notice purports to start with a current escrow payment that is $1,500.00 per month higher than the actual escrow payment.  The attached escrow analysis filed by US Bank refers to an account that is allegedly unrelated to the Debtors' account.  The analysis is also allegedly flawed because it takes brief snippets in time to calculate whether the escrow payments are adequate.

     US Bank filed an answer.  The answer fails to deny the allegations in the motion and concludes by stating that US Bank is reanalyzing the Debtors' account.

     US Bank then filed an affidavit with a payment history on the account.  The payment history is not understandable.  It inexplicably begins with a line item stating that the amount received was $42,550.08.  It reflects a starting suspense credit of $41,220.39.  It then credits the suspense over approximately 2 years until the suspense balance is $0.00. It then has various entries, none of which show deposits or disbursements from escrow.  Insofar as it is intended to reflect a justification for the Notice of Mortgage Payment Change, it is gibberish.

     After providing no substantive explanation or documents, US Bank seeks reconsideration of a decision made by the Court at a hearing where US Bank failed to appear.  US Bank's motion attempts to explain that its failure to appear was excusable.  Noticeably absent from US Bank's motion is any explanation as to any meritorious defense.   This is true even though US Bank specifically identifies that a meritorious defense is a requirement to obtain reconsideration of an order.

     Separately, the Court is concerned about certain statements with US Bank's motion.  US Bank brazenly states that the failure of its attorney to appear at a hearing was "beyond Secured Creditor's control."  The decision to hire an "appearance counsel" is a serious one.  US Bank chose to utilize an "appearance counsel" presumably in an effort to save money.  These types of decisions are well within US Bank's control.  The Court would expect US Bank to take responsibility for its own decisions.

US Bank is granted leave to file an amended motion for reconsideration on the following conditions:

1. The motion, and each of the items listed below, must be filed not later than January 31, 2020.

2. A Vice President of US Bank must file a statement under oath that US Bank is in full compliance with the Court's December 23, 2019 order.

3. US Bank must provide a detailed escrow history, from the inception of the loan through December 31, 2019.

4. US Bank must provide a reasoned analysis as to why its Notice of Mortgage Payment change was substantively correct in light of the escrow history.

5. US Bank must file a proposed order that is consistent with the detailed escrow history.

6. US Bank must file a RESPA compliant escrow analysis, effective as of the petition date.

7. US Bank must file a RESPA compliant escrow analysis, effective as of the date of the Notice of Mortgage Payment Change.

8. US Bank must self-calendar its amended motion for a hearing on February 14, 2020 at 10:30 a.m.

If the Court conducts a hearing, it will be conducted in accordance with the Federal Rules of Evidence. Witness and exhibit lists must be filed in accordance with the Bankruptcy Local Rules.

SIGNED **January 15, 2020.**

                                                      Marvin Isgur
                                  UNITED STATES BANKRUPTCY JUDGE